1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   PPreovolos@mofo.com
2  STUART C. PLUNKETT (CA SBN 187971)
   SPlunkett@mofo.com
3  ALEXEI KLESTOFF (CA SBN 224016)
   AKlestoff@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  415.268.7000
6  Facsimile:  415.268.7522

7  *Attorneys for Defendant*
   APPLE INC.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  LUXPRO CORPORATION, a Taiwanese corporation, | Case No.        10-CV-03058 JSW |
| 14                          Plaintiff, | **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE** |
| 15         v. | |
| 16  APPLE INC. f/k/a Apple Computer, Inc., | Date:  January 28, 2011 Time:  9:00 a.m. Ctrm:  11 |
| 17                          Defendant. | Hon. Jeffery S. White |
| 18 | |

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE
CASE NO. 10-CV-03058 JSW
sf-2927658

1        Luxpro's objections to Apple's Request for Judicial Notice are meritless.  Apple requested

2    judicial notice of the same documents (the German and Taiwanese injunctions and ruling of the

3    Taiwanese Supreme Court) when it moved to dismiss the First Amended Complaint.  (*Compare*

4    Requests for Judicial Notice, Docket Nos. 28 & 47 *with* Request for Judicial Notice, Docket No.

5    146)  Luxpro did not file objections to those requests, thereby waiving any objections.  *Kasey v.*

6    *Molybdenum Corp. of Am.*, 336 F.2d 560, 563 (9th Cir. 1964) (failure to object to request for

7    judicial notice constitutes waiver of objection; taking judicial notice of documents because party

8    failed to object to them in district court); *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls,*

9    *Inc.*, No. 99-1356 (JRT/FLN), 2004 U.S. Dist. LEXIS 18458, at *63 (D. Minn. Sept. 7, 2004)

10   (denying objections to translation submitted in support of motion for summary judgment because

11   plaintiff chose not to challenge authenticity of translation during previous round of summary

12   judgment motions).  Luxpro cannot raise objections to these documents now.

13        In any event, Luxpro's three arguments in opposition to Apple's request have no merit.

14   First, Luxpro contends that the German and Taiwanese rulings should not be considered because

15   they are "external to [the] pleadings."  (Luxpro's Opposition to Defendant Apple's Request for

16   Judicial Notice, Docket No. 156 at 1)  In making this argument, Luxpro ignores the long line of

17   authority holding that documents that are "necessarily embraced by the pleadings" or whose

18   contents are alleged in a complaint can be considered on a motion to dismiss.  (*See* Request for

19   Judicial Notice, Docket No. 146 at 1)

20        Luxpro contends that the SAC does not incorporate the rulings by reference into the

21   Second Amended Complaint ("SAC") because it does not include quotes from those rulings and

22   Luxpro's claims are not based on them.  Luxpro's claims *are* based on those rulings, however.

23   Luxpro contends that the rulings were a result of Apple's pattern of sham litigation, which was

24   part of a "scheme to undermine Luxpro's growing business opportunities in the market place."

25   (*See* SAC, ¶¶ 37-42)  Luxpro also contends that its alleged harm resulted from the Taiwanese

26   injunction.  (SAC ¶¶ 41, 43, 44)  The authority Apple cited in its Request (which Luxpro does not

27   address) demonstrates that this is sufficient to render the rulings judicially noticeable.  *See Branch*

28   *v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (upholding judicial notice of documents "expressly

APPLE INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE
CASE NO. 10-CV-03058 JSW
sf-2927658

1

1    mentioned" in the complaint); *Humboldt Baykeeper & Ecological Rights Found. v. Union Pac.*

2    *R.R. Co.*, No. C 06-2560 JSW, 2006 U.S. Dist. LEXIS 88984, at *3 n.2 (N.D. Cal. Nov. 27, 2006)

3    (taking judicial notice of documents *referenced* in complaint); *see also Berenblat v. Apple, Inc.*,

4    Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2009 U.S. Dist. LEXIS 80734, at *2 n.3 (N.D. Cal.

5    Aug. 21, 2009) (taking judicial notice of document because it was referenced in the complaint).

6           The documents are also judicially noticeable because they are orders of foreign courts.

7    *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 411-12 (6th Cir. 2006) (taking judicial

8    notice of forty-five exhibits that included English translations of documents generated during

9    Korean legal proceedings); *Channer v. Brooks*, No. 3:99CV1707 (AWT) (DFM), 2001 U.S. Dist.

10   LEXIS 25065, at *1 (D. Conn. July 19, 2001) ("A federal court may take judicial notice of a

11   decision rendered by the judicial system of a state or foreign country."), *aff'd*, 320 F.3d 188 (2d

12   Cir. 2003).  Luxpro does not address this authority.[1]

13          Luxpro also takes issue with the authenticity of Apple's translations of the court orders.

14   (Opp'n at 2-3)  Luxpro claims that the translations "include *no certification* as to their accuracy

15   by the actual translators, no identification of the individual who purportedly performed the

16   translations of the documents actually being offered to this Court, no identification of that

17   translator's qualifications, and no oath or affirmation from that translator."  (Opp'n at 3)  Luxpro

18   is flat wrong.  These documents were translated by Meihua Shi and Michael Hofhine, both of

19   whom submitted declarations under the penalty of perjury that state they translated the documents

20   and list their qualifications.  (*See* Declaration of Meihua Shi in Support of Defendant Apple Inc's

21   Motion to Dismiss the Second Amended Complaint, Docket No. 143; Declaration of Michael

22   Hofhine in Support of Defendant Apple Inc's Motion to Dismiss the Second Amended

23   Complaint, Docket No. 144)  Luxpro's complaints regarding the translations are baseless.

24

---

[1] Luxpro also claims that Apple is seeking to convert its motion to dismiss into a motion for

25   summary judgment.  (Opp'n at 2)  It is axiomatic that judicially noticeable documents do *not* convert a Rule 12(b)(6) motion to a motion for summary judgment.  Luxpro's authority so holds.

26   *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

27   None of the other cases Luxpro cites in support of its argument hold otherwise.  Indeed, neither *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527 (6th Cir. 2002), nor *Marques v. Fed.*

28   *Reserve Bank of Chicago*, 286 F.3d 1014 (7th Cir. 2002), discuss judicial notice at all.

1    Finally, Luxpro claims that Apple is improperly "cherry-picking" from the record in the

2    German and Taiwanese litigation, and that it should have submitted the entire record of the

3    proceedings.  (Opp'n at 4)  Essentially, Luxpro is claiming that if a party seeks judicial notice of a

4    court ruling in a separate proceeding, it must submit every single document and transcript in that

5    proceeding.  Luxpro cites no authority that establishes such an unwieldy requirement, because

6    there is none.  Indeed, Luxpro's own authority recognizes that under Federal Rule of Evidence,

7    Rule 106, only documents *relevant* to the document in question are admissible.  29 Am. Jur. 2d

8    Evidence § 366 (2010).  The German and Taiwanese rulings are the documents referenced in the

9    SAC and on which Luxpro's claim are based.

10    Moreover, Luxpro does not identify any specific documents in the German and Taiwanese

11    proceedings that would assist the Court in reviewing the rulings, much less demonstrate how

12    those documents are relevant.  If there are documents in the German and Taiwanese court records

13    Luxpro wants the Court to review, it should have requested judicial notice of them itself.

14    The Court should judicially notice the German and Taiwanese court orders.

15    Dated: December 10, 2010                          PENELOPE A. PREOVOLOS
                                                       STUART C. PLUNKETT
16                                                     ALEXEI KLESTOFF
                                                       MORRISON & FOERSTER LLP
17

18                                                     By:   /s/ Penelope A. Preovolos
                                                             Penelope A. Preovolos
19
                                                       Attorneys for Defendant
20                                                     APPLE INC.

21

22

23

24

25

26

27

28