IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXPRO CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendants. | No. C 10-03058 JSW<br><br>**ORDER GRANTING MOTION TO STAY** |

Now before the Court for consideration is the Motion to Stay filed by Defendant Apple, Inc. ("Apple"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing set for February 11, 2011 on this motion is VACATED, and the motion to stay is GRANTED.

On October 14, 2008, Plaintiff, Luxpro Corporation ("Luxpro") filed a complaint against Apple in the United States District Court for the Western District of Arkansas, and filed an Amended Complaint on October 20, 2008. Apple moved to dismiss the Amended Complaint, and also moved to transfer the case. On September 28, 2009, the district court granted in part and denied in part Apple's motion to dismiss, and granted Luxpro leave to amend. On that same date, the district court denied the motion to transfer. The latter order was subsequently overturned and, on July 7, 2010, this matter was transferred to this district. The parties have not yet appeared in this Court for an initial case management conference and no scheduling orders have issued.

On December 29, 2010, Luxpro filed a Second Amended Complaint. Apple has moved to dismiss the SAC, and a hearing on that motion also is scheduled on February 11, 2011. In the instant motion, Apple seeks to stay discovery in this action pending a ruling on the motion to dismiss.

Federal Rule of Civil Procedure 26(c), provides that a court may, *inter alia*, "for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," forbid or specify terms, including time and place, for disclosure or discovery. In addition, the Court has discretion to stay discovery pending the resolution of motions to dismiss under Rule 12(b)(6). *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

Although this case has been pending for over two years, Luxpro has not set forth any specific manner in which it would be prejudiced by a further stay on the initiation of discovery. Moreover, Luxpro acknowledges in the Joint Case Management Conference statement that discovery will be complex. Although by this Order the Court is not prejudging the merits of Apple's motion to dismiss, the Court in its discretion finds that a stay of discovery until that motion is resolved is warranted.

Accordingly, Apple's motion to stay discover is GRANTED. The parties shall be permitted to commence discovery once the Court has ruled on the motion to dismiss, which remains on calendar on February 11, 2011 pending a further order of this Court.

**IT IS SO ORDERED.**

Dated: January 31, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2