IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXPRO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant.<br>_____ / | No. C 10-03058 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 22, 2011, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

//

The Court **tentatively grants in part and denies in part** Apple's motion and **it denies** Luxpro's request that the Court reconsider its ruling on the *Noerr-Pennington* doctrine. Specifically, the Court **tentatively concludes Luxpro has stated claims for intentional interference with prospective economic advantage and intentional interference with contract, and tentatively concludes that Luxpro has not alleged facts showing that it is entitled to a remedy under Section 17200. The Court also tentatively finds that Luxrpo has not stated a claim under the Lanham Act and that its commercial disparagement claim fails.** The parties each shall have fifteen (15) minutes to address the following questions:

1. Although the Court previously concluded that Luxpro had alleged that Apple's statements that Luxpro products were "cheap knockoffs" and "illegal copies," were sufficient to state a claim for business defamation, upon reflection, it appears that these are statements of opinion and, therefore, not actionable under the Lanham Act or California law. Does Luxpro have any authority that would suggest these statements do, in fact, imply a false assertion of fact?

2. In its TAC, Luxpro asks that Apple be required to disgorge profits it earned as a result of the conduct supporting Luxpro's Section 17200 claim. To the extent Luxpro's allegations also are premised on conduct that supports its claims for intentional interference with contractual relationship, what is Luxpro's best argument that any profits Apple may have earned is "money or property identified as belonging in good conscience to [Luxpro that] could clearly be traced to particular funds or property in the defendant's possession?" *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 699 (2006).

**IT IS SO ORDERED.**

Dated: July 18, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE