UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUXPRO CORPORATION, a Taiwanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., f/k/a Apple Computer, Inc.,<br><br>Defendant. | Case No. 3:10-cv-03058-JSW<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Judge: Hon. Jeffrey S. White |

### 1. PURPOSES AND LIMITATIONS

The parties agree that discovery activity will occur in this action. The parties further agree that this discovery is likely to involve production of confidential information from both parties for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this case would be warranted. Accordingly, Plaintiff Luxpro Corporation ("Luxpro" and/or "Plaintiff") and Defendant Apple Inc. ("Apple" and/or "Defendant") (collectively, the "Parties"), hereby stipulate to, and petition the Court to enter, the following Stipulation and Protective Order.

The parties acknowledge that this Stipulation and Protective Order does not confer blanket protections on all material produced in discovery and that the protection it affords extends only to

the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: Disclosure or Discovery Material that is non-public and that a Party or non-party in good faith believes must be held confidential to protect personal privacy interests or proprietary commercial or business information, including trade secrets.

2.4 <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items</u>: Extremely confidential and/or sensitive CONFIDENTIAL Information or Items whose disclosure to another Party or non-party is likely to cause significant economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designation: pricing information, financial data, sales or marketing forecasts or plans, business plans, sales or marketing strategy, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.5 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

2.10 <u>In-House Counsel</u>: Attorneys who are employees of a Party (as well as their support staffs).

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This Stipulation and Protective Order is not meant to modify the Federal Rules of Civil Procedure regarding experts, except as to the handling of Protected Material.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

## 3. SCOPE

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

It is not the intention of the parties that anything in this Stipulation and Protective Order shall prevent the use of Protected Material to defend or prosecute this Action.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Procedures for Designating Material for Protection: Any Party to this litigation, or any non-party who produces Disclosure or Discovery Material, may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY any Protected Material it produces, provided it meets the criteria set forth in this stipulation. All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY."

Each Party or non-party that designates information or items for protection under this Stipulation and Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations: Except as otherwise provided in this Stipulation and Protective Order (*see, e.g.*, second paragraph of 5.2(a), below) or as otherwise

stipulated or ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

(a) <u>For Information in Documentary Form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: That the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on each page that contains Protected Material. In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" throughout. Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must promptly determine which documents qualify for protection under this Stipulation and Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") on each page that contains Protected Material, except that multi-page documents may be designated in accordance with the preceding paragraph.

(b) <u>For Testimony Given in Deposition Proceedings</u>: Any Party or non-party offering or sponsoring the testimony may identify on the record, before the close of a deposition, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection,

or when it appears that substantial portions of the testimony may qualify for protection, any Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"). Said transcripts will be treated as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" for the duration of the 30 days. Testimony, or portions thereof, that are designated for protection shall be covered by the provisions of this Stipulation and Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

The court reporter shall affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") on each transcript page containing Protected Material.

If the deposition testimony is also recorded, the videographer shall affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") on each disc or other form of media containing Protected Material.

(c) For Testimony given at Trial or Pretrial Proceedings: The sealing or other restriction of transcripts for proceedings before the Court shall be ordered solely at the Court's discretion upon request of the Designating Party.

(d) For Information Produced in a Form Other than Documentary, and for Any Other Tangible Items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

5.3 Non-Party's Protected Material Sought to be Produced in this Litigation: The terms of this Stipulation and Protective Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(a) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(b) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

5.4 <u>Inadvertent Failures to Designate and Redesignation</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Designating Party's right to secure protection under this Stipulation and Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Protective Order.

A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of such inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively reasonable person would have realized that the material should have been appropriately designated with a confidentiality designation under this Stipulation and Protective Order. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Stipulation and Protective Order and/or in accordance with any applicable privileges.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     A Party may challenge a designation of Protected Material. The Party that challenges a designation of Protected Material must confer with the Designating Party prior to seeking relief from the Court. The parties agree that the process of challenging a designation shall begin by providing notice to the Designating Party by conferring directly (in voice-to-voice dialogue) with counsel for the Designating Party. The challenging Party must identify the specific Bates range(s) for the challenged documents, must explain the basis for its belief that the confidentiality designation was not proper.

6.2     <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall

automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order and may not be disclosed to the media. When this litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (FINAL DISPOSITION). Notwithstanding the foregoing, Counsel may always advise its client as it relates to this litigation generally, although is precluded from specifically identifying materials produced pursuant to this Stipulation and Protective Order or disclosing the contents thereof.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Stipulation and Protective Order.

1  7.2  Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  up to two (2) current officers, directors, and employees (including one (1) In House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)  Experts (as defined in this Stipulation and Protective Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A), and (iii) as to whom the procedures set forth in Paragraph 7.4 below have been followed;

(d)  Professional Vendors as defined in this Stipulation and Protective Order;

(e)  the Court, any mediators, and their respective personnel;

(f)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(g)  during their depositions, witnesses in the action who have signed the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A); pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be marked CONFIDENTIAL by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order;

(h)  The Producing Party's witnesses; and

(i)  the author of the document or the original source of the information or a person who has already seen the document.

7.3  Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    Experts (as defined in this Stipulation and Protective Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A), and (iii) as to whom the procedures set forth in Paragraph 7.4 below have been followed;

    (c)    the Court, any mediators, and its personnel;

    (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (e)    the author of the document or the original source of the information or a person who has already seen the document;

    (f)    Professional Vendors as defined in this Stipulation and Protective Order; and

    (g)    The Producing Party's witnesses.

7.4    <u>Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts</u>:

    (a)    Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A. An Expert who has signed an Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A) may be shown "CONFIDENTIAL" information without the need for a further declaration.

    (b)    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" first must give written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume,

(3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(c) A Party that provides written notice and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party objecting to the disclosure of the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. Any such motion must be filed by the objecting party within seven days of sending such written objection to the Party seeking to disclose the expert. Following the expiration of seven days, the issue will be moot and the expert sought to be disclosed will be allowed to review information protected by this Stipulation and Protective Order.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proof.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax or email, if possible) as soon as reasonably possible. Such notification must include a copy of the subpoena or court order.

The Receiving Party must also inform in writing as soon as reasonably possible the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation and Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosure (by fax or email) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Protective Order; and (d) request such person or persons to execute the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A).

### 10. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a) The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing provided herein will preclude a Party from challenging the designation of the information as purportedly privileged and, subsequently, seeking the court's intervention related thereto.

### 11. FILING PROTECTED MATERIAL

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this action, each Receiving Party must destroy all Protected Material or return it to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this

provision, Counsel are entitled to retain one copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Stipulation and Protective Order as set forth in Paragraph 4 (DURATION), above. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

**13. MISCELLANEOUS**

    13.1   <u>Right to Further Relief</u>: Nothing in this Stipulation and Protective Order abridges the right of any person to seek its modification by the Court in the future.

    13.2   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Stipulation and Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Protective Order.

    13.3   <u>Expert Discovery</u>: Discovery related to testifying experts shall be governed by Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4).

    13.4   <u>No Admissions</u>: Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulation and Protective Order shall not be admissible for any purpose, and adherence to this Stipulation and Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Stipulation and Protective Order is or is not proprietary, confidential or a trade secret. Further, nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection, or to affect any party's right to use its own documents and its own Protected Material in its sole and complete discretion. In addition, adherence to this Stipulation and Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request.

13.5 Use Of Protected Material By The Designating Party: Nothing in this Protective Stipulation and Protective Order shall be construed as a limitation on a party's ability to show materials that the party has designated as Protected Material to whomever the Designating Party may deem appropriate, nor will it be construed as a limitation on a party's ability to show materials designated by another party as Protected Material to that Designating Party, including any present employee thereof.

13.6 Use of the Stipulation and Protective Order: This Stipulation and Protective Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause, and the Protected Material obtained under this Stipulation and Protective Order's protection may only be used for this case. It is expressly ordered that this Stipulation and Protective Order will not, in any manner, be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Stipulation and Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of the case, except in a hearing that involves issues related to the enforcement of any provision of this Stipulation and Protective Order.

13.7 Parties other than the retaining party shall not at any time contact, communicate with, or depose non-testifying consultants regarding the subject matter of this litigation, other than as a percipient witness. The identification of any non-testifying consultant does not waive or detract from any work product or other protection that would otherwise apply.

**IT IS SO STIPULATED.**

Dated: October 18, 2011

PENELOPE A. PREOVOLOS
STUART C. PLUNKETT
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By: /s/ Stuart C. Plunkett
    Stuart C. Plunkett

*Attorneys for Defendant* APPLE INC.

Dated: October 18, 2011

By: /s/ Patrick J. Conroy
    Patrick J. Conroy

Richard A. Adams *Pro Hac Vice*
Patton Roberts, PLLC
5520 Plaza Dr.
Texarkana, TX 75503
Telephone: 903-334-7000
Facsimile: 903-334-7007
richard.adams@pattonroberts.com

James R. Jackson, *Pro Hac Vice*
Reid D. Miller, *Pro Hac Vice*
Patton Roberts, PLLC
111 Center St., Suite 1315
Little Rock, AR 72201
Telephone: 501-372-3480
Facsimile: 501-372-3488
jjackson@pattonroberts.com
rmiller@pattonroberts.com

Patrick J. Conroy, *Pro Hac Vice*
Glenn E. Janik, *Pro Hac Vice*
Daniel F. Olejko, *Pro Hac Vice*
Shore Chan Bragalone DePumpo LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111
pconroy@shorechan.com
gjanik@shorechan.com
dolejko@shorechan.com

| | |
|---|---|
| 1 | |
| 2 | Laurence D. King (SBN 206423) |
| | Mario M. Choi (SBN 243409) |
| 3 | KAPLAN FOX & KILSHEIMER LLP |
| | 350 Sansome Street, Suite 400 |
| 4 | San Francisco, CA 94104 |
| | Telephone: 415-772-4700 |
| 5 | Facsimile: 415-772-4707 |
| | lking@kaplanfox.com |
| 6 | mchoi@kaplanfox.com |
| 7 | |
| | Donald R. Hall *Pro Hac Vice* |
| 8 | KAPLAN FOX & KILSHEIMER LLP |
| | 850 Third Ave., 14 Fl. |
| 9 | New York, NY 10022 |
| | Telephone: 212-687-1980 |
| 10 | Facsimile: 212-687-7714 |
| | dhall@kaplanfox.com |
| 11 | |
| 12 | Attorneys for Plaintiff Luxpro Corporation |

**IT IS SO ORDERED.**

Dated: October 19, 2011

/s/ Jeffrey S. White
Hon. Jeffrey S. White
United States District Judge

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER    18
CASE NO. 10-CV-03058 JSW

# EXHIBIT A

## ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1. I reside at _____.

2. I have read the Stipulation and Protective Order ("Order") in *Luxpro Corp. v. Apple Inc.*, Northern District of California, Case No. 10-CV-03058 JSW.

3. I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential or Highly Confidential Information obtained pursuant to the Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the courts of the State of California for resolving any and all disputes regarding the Order and this Declaration Regarding Confidentiality. I further agree that any and all disputes regarding the Order and this Declaration Regarding Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Declaration Regarding Confidentiality.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____.

Name: _____

Address: _____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 10-CV-03058 JSW

19